IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILTON MCPHERSON BURT (04)<br>CARLI ADELE HEMPEL (06)<br>JACKSON JACOB (08)<br>DOUGLAS SUNG WON (09)<br>MICHAEL BASSEM RIMLAWI (10)<br>WILLIAM DANIEL NICHOLSON IV (12)<br>SHAWN MARK HENRY (13)<br>MRUGESHKUMAR KUMAR SHAH (14)<br>IRIS KATHLEEN FORREST (18)<br>ROYCE VAUGHN BICKLEIN (21) | CRIMINAL NO. 3:16-CR-516-JJZ |

**GOVERNMENT'S MOTION TO CORRECT THE JURY INSTRUCTIONS**

The government files this motion to correct the jury instructions, which incorrectly instruct the jury that if they cannot unanimously agree on an object of the conspiracy, it must acquit the defendant under consideration. Because this is an inaccurate statement of the law, and because the jury has indicated confusion regarding the statement, the Court should correct the instruction.

As the Fifth Circuit has explained, "[w]hen a deliberating jury expresses confusion and difficulty over an issue submitted to it, the trial court's task is to clear that confusion away with 'concrete accuracy.'" *United States v. Stevens*, 38 F.3d 167, 169–70 (5th Cir. 1994) (citations omitted). As such, the trial court can and should correct its instructions even after the jury has retired for its deliberations but has not yet returned a verdict, if, upon reflection, the court finds the instruction was erroneously given. *See United States v. Cantu*, 185 F.3d 298, 306 (5th Cir. 1999) (rejecting the defendant's claim that the district court erred by giving supplemental

instructions mid-deliberation and in response to a jury question where such instructions were responsive to the jury's questions and allowed the jury to understand the issue presented to it); *see also United States v. Pendleton*, --- F. App'x ---, 2019 WL 856592, at *10-11 (5th Cir. Feb. 21, 2019) (finding no error in the district court's correction of the jury instructions in response to a jury question); *Baker v. United States*, 156 F.2d 386, 390 (5th Cir. 1946) (affirming conviction where district court corrected its instruction after the jury began deliberating but before a verdict was returned); 23A CJS, Criminal Law § 1322 ("The court has the power, and it is its right and duty, either with or without request, and at any time during the trial, to withdraw or correct its instructions to the jury, if, on reflection, it is considered that they have been erroneously or unnecessarily given; and even though the jury have retired they may be recalled for such purpose.").

Here, the Court's original charge to the jury that—"If you cannot [unanimously agree upon which of the several objectives each Defendant conspired to achieve], you must find the Defendant under consideration not guilty of conspiracy"—is an inaccurate statement of the law. It is well-established that if the jury is unable to agree on a verdict, this results in a hung jury and a mistrial—not an acquittal. *See Richardson v. United States*, 468 U.S. 317, 326 (1984) ("The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree"; rather, where the jury is unable to agree, it is a hung jury, not an acquittal, and the government may retry the case); *Tibbs v. Florida*, 457 U.S. 31, 42 (1982) (emphasizing that "disagreement among the jurors" does not signify an acquittal and "a deadlocked jury . . . does not result in acquittal"); *see also United States v. Gonzalez*, 841 F.3d 339, n.10 (5th Cir. 2016) (discussing a sister-circuit case and indicating that where the jury fails to unanimously find an element of the offense, it is a

mistrial where retrial is permitted, not an acquittal); *United States v. Gotti*, 451 F.3d 133, 137 (2d Cir. 2006) (holding that lack of unanimity as to an element of the offense results in a hung jury and a mistrial, not a judgment of acquittal); Fed. R. Crim. P. 31(b)(3) ("If the jury cannot agree on a verdict on one or more counts, the court may declare a mistrial on those counts.  The government may retry any defendant on any count on which the jury could not agree.").

Therefore, the Court should clear the jury's confusion and provide it with an accurate statement of the law by correcting the erroneous jury instruction.  Specifically, the Court should strike the final sentence on page 19 of the Jury Instructions, which states:  "If you cannot agree in that manner, you must find the Defendant under consideration not guilty of conspiracy."

Respectfully submitted,

ERIN NEALY COX
United States Attorney

/s/ *Gail Hayworth*
Gail A. Hayworth
Assistant United States Attorney
Texas Bar No. 24074382
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Telephone: 214.659.8681
Facsimile: 214.767.4100

## CERTIFICATE OF SERVICE

  I hereby certify that on April 9, 2019, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys who have consented in writing to accept this Notice as service of this document.

              /s/ *Gail Hayworth*
              Gail A. Hayworth
              Assistant United States Attorney